UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL C. DAVIS,

    Plaintiff(s),

vs.

RUBICON INC.,

    Defendant(s).

No.09-5947 MHP

**ORDER DISMISSING COMPLAINT**

    Plaintiff filed this action invoking this court's federal question jurisdiction pursuant to Title VII of the Civil rights Act of 1964, 42 U.S.C. §2000e-2 t seq. In neither his complaint filed in this court or the complaint filed with the California Department of Fair Employment and Housing did plaintiff allege any discriminatory actions by defendant involving any of the protected classes under Title VII, i.e, race, national origin, sex, age, disability, etc. The only ground he asserts is "unlawful termination". And, in his recitation of the conduct of which he complains he makes no claim that he was discriminated against in his termination or in any other conditions of his employment based upon any of these protected classes.

    The allegations in his complaint fall into the category of contract and/or tort claims which are state law claims and do not come within the purview of Title VII. Thus, there is no basis for this court's jurisdiction. There is no federal question jurisdiction and no diversity jurisdiction is alleged. Indeed, reviewing the papers filed and allegations made, there could be no diversity jurisdiction since both plaintiff and defendant are California citizens. Thus, plaintiff states no basis for a cognizable

federal claim.

The district court may dismiss a complaint <u>sua sponte</u> if federal subject matter jurisdiction is lacking or if the complaint is frivolous. <u>See</u> 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact."

Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" for jurisdiction. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory, see, e.g., <u>Lopez v. G.A.Smith</u>, 203 F.3d 1122, 1126 (9thCir.2000); <u>Cruz v. Gomez, I/O</u>, 202 F.3d 593, 596 (2dCir.2000)). In these circumstances the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give him leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. <u>Id.</u>

For the reasons articulated above plaintiff's complaint is DISMISSED without prejudice to his filing his complaint in the appropriate state court, which most likely is the Alameda County Superior Court.

IT IS SO ORDERED.

Date: January 14, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2